## In the Matter of James Samuel DeBOSH.

### No. 732 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

April 29, 2002.

### *ORDER*

PER CURIAM:

AND NOW, this 29th day of April, 2002, James Samuel DeBosh having been suspended from the practice of law in the State of New Jersey for a period of three months by Order of the Supreme Court of New Jersey dated December 4, 2001; the said James Samuel DeBosh having been directed on February 28, 2002, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that James Samuel DeBosh is suspended from the practice of law in this Commonwealth for a period of three months, and he shall comply with all the provisions of rule 217, Pa.R.D.E.

■

## OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

## Thomas William MOORE, Jr., Respondent.

### No. 741 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

April 29, 2002.

### *ORDER*

PER CURIAM:

AND NOW, this 29th day of April, 2002, upon consideration of the Certificate of Admission of Disability by Attorney that the respondent-attorney is suffering from disability by reason of physical infirmity which makes it impossible for him to prepare an adequate defense to the charges of professional misconduct brought against him in a Petition for Discipline docketed at No. 54 DB 2001 with the Disciplinary Board of the Supreme Court of Pennsylvania, it is hereby

ORDERED that Thomas William Moore, Jr., is immediately transferred to inactive status pursuant to Rule 301(e), Pa.R.D.E., for an indefinite period and until further order of this Court. Respondent shall comply with Rule 217, Pa.R.D.E. All pending disciplinary proceedings against the respondent-attorney shall meanwhile be held in abeyance, except for the perpetuation of testimony.